**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| | * |
| **vs.** | * Case No. 1:12-CR-00169-MHT |
| | * |
| **JAMES TIMOTHY TURNER,** | * |
| **Defendant.** | * |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

**COMES NOW** the Defendant, James Timothy Turner, through his counsel of

record, and moves the Court, pursuant to Rule 7(f), *Federal Rules of Criminal Procedure*,

for an order directing the United States of America to file a bill of particulars of the

following matters embraced within the indictment:

**1.     COUNT TWO (Fictitious Obligations) 18 U.S.C. § 514(a)(2)**

This count alleges that the Defendant issued an instrument titled "Registered

Private Offset Indemnity Bond" in the amount of $300,000,000.00 ... appearing (to be) ...

an actual security and other financial instrument issued under the authority of the United

States and other political subdivisions of the United States.  (Emphasis added).  The

Unites States has many departments and agencies in addition to many laws and

regulations that may authorize issuance of financial instruments.  There are numerous

other political subdivisions of the United States.

Without a definite statement of a particular United States department or agency or

1

political subdivision of the United thereof, the Defendant is unable to discern, as to this element of the offense, what he is charged with.  Nor is he able to mount a defense.  The ascertainment of this information is necessary to the Defendant presenting his case.

18 U.S.C. § 514(a)(2) appears to make criminal only some class of fictitious financial instruments, no matter how false or fictitious they may appear.  The statute does not criminalize such instruments that are issued under the authority of an individual or individuals.  The act of an individual issuing such a financial instrument may be actionable as some sort of fraud under a state law, but not under this federal statute.

2.    **COUNTS THREE THROUGH SEVEN (Aiding and Abetting Fictitious Obligations)  18 U.S.C. § 514(a)(2) and 2**

In these counts the government is alleging basically the same thing concerning the instruments described in the those counts of the indictment.  The same language is used in describing these bond, that is issued <u>under the authority of the United States and other political subdivisions of the United States</u>.

3.    **COUNT ONE, Paragraphs 13-16M**

In these paragraphs supporting the charged violation of 18 U.S.C. **§** 371 (Conspiracy to Defraud the United States) the government alleges that, as overt acts, the Defendant caused to be filed with IRS false and fictitious bonds in varying amounts. Although the language of 18 U.S.C. § 514(a)(2) is not used in these paragraphs, the words "false and fictitious" refer to the said statute.  As noted above, one of the elements of

proof for there to be a false and fictitious instrument under said statute is that the instrument be issued under the authority of the United States, etc. ....

Some of these bonds are charged as separate counts under 18 U.S.C. § 514(a)(2); however, the following bonds are not listed as separate counts:  The bonds described in paragraphs 16B, 16C, 16F-16M.  The defense requests the government to specify the particular authority described in 18 U.S.C. 514(a)(2) that such bonds purportedly were issued by.

Again, the defense's argument is that it is necessary to be apprised of this for it to properly defend it's case.  If such bonds were not issued by the authority described in the above statute, then they would not be false or fictitious bonds for the purposes of this case.  Their issuance by the Defendant would not be an overt act in furtherance of the conspiracy charged under 18 U.S.C. **§** 371.

## 4.   DISCUSSION.

In the case of U. S. v. Patricia and Monty Ervin, 1-11-cr-00007-MHT-WC, M.D. Ala., this Court noted the following concerning the granting of a bill of particulars.  See Case Document 123.

The granting of a bill of particulars is within the sound discretion of the trial court, *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), and the circumstances under which such a motion should be granted are limited, *United States v. Eldridge*, 2010 WL 3749060, at *6 (W.D. N.Y. Sep. 20,

2010).  The purpose of a bill of particulars is threefold:  "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *see also Colson*, 662 F.2d at 1391.  The bill of particulars is intended to permit the defendant to ascertain information related to the charges against him which is, though not included in the indictment, *essential* to the defense. *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (emphasis added).  Thus, the bill of particulars is appropriate where it "provid[es] the defendant with information necessary for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).  The issue, then, is whether the information sought is necessary to prepare for trial, not whether it is merely helpful. *United States v. Conley*, 2002 WL 252766, at *4 (S.D. N.Y. Feb. 21, 2002).

The Defendant argues that the indictment neither informs of the charge with sufficient precision to prepare his defense, nor does it minimize the possibility of his surprise at trial, and nor does it enable him to plead double jeopardy in the event of a later prosecution for the same offense.  This information is essential and necessary to proper trial preparation for the defense in this case.

As noted above, a defense may be that the charges in the indictment concern such instruments that are of a private nature and are not issued under the authority "of the United States and (sic) other political subdivisions of the United States".  The knowledge of what particular authority of the United States or what other political subdivisions of the United States the government is alleging these instrument to be purportedly issued by is of the greatest necessity to the defense in the presentation of it case.  By what particular authority is meant what department, agency, law or regulation of the United States or of an identified state or political subdivision thereof.

WHEREFORE the Defendant moves that the court order the government to file a bill of particulars.

Submitted on October 26, 2012

Respectfully submitted,

s/Everett M. Urech
EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Defendant
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail:  daleattyeu@graceba.net

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date delivered a copy of the

foregoing to the Clerk of Court, U.S. Middle District of Alabama, by electronically filing,

October 26, 2012.

s/Everett M. Urech

_____

EVERETT M. URECH