IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:12cr169-MHT |
| | ) | |
| JAMES TIMOTHY TURNER | ) | |
| | ) | |

# O R D E R

Before the court is Defendant's Motions for a Bill of Particulars (Doc. 26) and the government's Response in Opposition (Doc. 27).

For the reasons that follow, the court finds that the issuance of a bill of particulars is not necessary in this case and the Motion is due to be denied.

## I.     DISCUSSION

### A.     Legal Standard

The granting of a bill of particulars is within the sound discretion of the trial court, *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981), and the circumstances under which such a motion should be granted are limited, *United States v. Eldridge*, 2010 WL 3749060, at *6 (W.D. N.Y. Sep. 20, 2010).  The purpose of a bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *see also Colson*, 662 F.2d at 1391.  The bill of particulars is intended

to permit the defendant to ascertain information related to the charges against him which is, though not included in the indictment, *essential* to the defense. *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (emphasis added). Thus, the bill of particulars is appropriate where it "provid[es] the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original). The issue, then, is whether the information sought is necessary to prepare for trial, not whether it is merely helpful. *United States v. Conley*, 2002 WL 252766, at *4 (S.D.N.Y. Feb. 21, 2002). For example, courts have recognized that "a bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses," *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979), however, it "may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy," *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)). Additionally, it is well-settled law that "generalized discovery is not a proper purpose in seeking a bill of particulars." *Colson*, 662 F.2d at 1391. *See also Anderson*, 799 F.2d at 1442 ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule.").

A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006). Further, "[a] bill of particulars is

2

not intended to give a preview of the case or unduly restrict the government's presentation of its case or unduly restrict the government in presenting its proof at trial." *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 349 (D. Conn. 1990). "Nor is the government required to provide defendants with all overt acts that might be proven at trial." *Rosenthal*, 793 F.2d at 1227.

### B.   Defendant's Motion

With respect to Counts Two through Seven of the Indictment, Defendant asserts that where he is charged with issuing an instrument "in the amount of $300,000,000.00 . . . appearing (to be) . . . an actual security and other financial instrument issued under the authority of the United States and other political subdivisions of the United States," the government should be made to specify which "particular United States department or agency or political subdivision of the United [States] thereof." Mot. (Doc. 26) at 1.  Defendant states that without that specific knowledge he is "unable to discern, as to this element of the offense, what he is charged with. Nor is he able to mount a defense." *Id.*

The court finds that Defendant's request here is improper.  Defendant is requesting the government provide him with detail beyond that required to show a violation of the statute, which simply requires an instrument "issued under the authority of the United States and other political subdivisions of the United States."  Title 18, United States Code, Section 514(a)(2).  Defendant's request is aimed at a "detailed exposition" of the government's case, something to which he is not entitled.  *Roberts*, 174 F. App'x at 477.

3

With respect to Count One of the Indictment, Defendant asserts that: "In these paragraphs supporting the charged violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States) the government alleges that, as overt acts, the Defendant caused to be filed with IRS false and fictitious bonds in varying amounts. Although the language of 18 U.S.C. § 514(a)(2) is not used in these paragraphs, the words 'false and fictitious' refer to the said statute." Mot. (Doc. 26) at 2. Again, because 18 U.S.C. § 514(a)(2) requires the instruments be " issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization," Defendant requests that the government be made to state by "what particular authority of the United States or what other political subdivisions of the United States the government is alleging these instrument to be purportedly issued." Mot. (Doc. 26) at 5. Here, again, Defendant is improperly requesting "detailed exposition" of the government's case and "the legal theories upon which it intends to rely at trial." *Roberts*, 174 F. App'x at 477. This is not the appropriate subject of a bill of particulars. Ultimately, the question of whether the government's theory and evidence in support are sufficient for a conviction under the statute is for the trier of fact.

## II.    CONCLUSION

The court finds that the Indictment (Doc. 1) adequately informs Defendant of the charges against him in sufficient detail, that Defendant has the opportunity to plan for his defense, and that Defendant will not face prejudicial surprise at trial. Thus, a bill of particulars is unwarranted. Accordingly, it is

4

ORDERED that Defendant's Motion for a Bill of Particulars (Doc. 26) is DENIED.

Done this 30th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

5