IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12-CR-169-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY TURNER, | ) | |
| | ) | |
| Defendant. | ) | Trial Date: March 18, 2013 |

**UNITED STATES'S MOTION *IN LIMINE*
TO PRE-ADMIT BUSINESS RECORDS VIA CERTIFICATION AND TO PRE-
ADMIT SELF-AUTHENTICATING CERTIFIED PUBLIC RECORDS**

Pursuant to Federal Rule of Evidence 104(a), the United States respectfully moves this Court to make a preliminary determination of admissibility regarding (a) business records certified by record custodians, subject to a determination of relevance, and (b) self-authenticating certified public records, subject to a determination of relevance.

The purpose of this motion is to obviate the need to call several records custodian witnesses, many of whom will be traveling from out-of-state.

**I.    Business Records: Trial Exhibits 64, 65, 66, 67, 68, and 69**

The United States seeks to pre-admit Government Trial Exhibits 64, 65, 66, 67, 68, and 69. Each of these trial exhibits has been provided to the defendant and his standby counsel both in discovery and as a pre-marked trial exhibit and, in support of this motion, the United States will provide a physical copy of these exhibits in advance of trial to the Court upon request.[1] The exhibits are as follows:

---

[1] The exhibits referenced herein are voluminous and therefore have not been electronically attached to this motion.

- Exhibit 64: Scottrade Brokerage Account Application Signed by James Timothy Turner

- Exhibit 65: PeoplesSouth Bank Records for Tax Year 2009

- Exhibit 66: Wells Fargo Bank Records for Tax Year 2009

- Exhibit 67: Wells Fargo Bank Records for Tax Year 2009

- Exhibit 68: Wells Fargo Bank Records for Tax Year 2009

- Exhibit 69: Bank of America Bank Records for Tax Year 2009

With respect to these trial exhibits, the United States seeks to obviate the need to call four records custodian witnesses by using certifications under Federal Rule of Evidence 902(11) as to their status as custodians of the documents and the other criteria required under the business records exception delineated in Federal Rule of Evidence Rule 803(6).[2]

With respect to business records, the starting point of the government's requests are Federal Rules of Evidence 803(6) and 902(11).  Rule 803(6) excepts records of regularly conducted business activity from the hearsay exclusionary rule and provides, in pertinent part, that the foundation can be shown "by certification that complies with Rule 902(11)."[3]  Rule 902(11) "sets forth a procedure by which

---

[2] The United States has issued subpoenas to each of the custodians of records at issue in the event this Court denies this motion.  Many of these individuals are located out-of-state and the United States is seeking a pre-trial ruling so that these individuals do not need to travel for trial if this motion is granted.  To the extent this Court decides to set this motion for argument, the United States respectfully requests that it be scheduled for the March 12, 2013 status conference already set.

[3] The full text of Rule 803(6) follows:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph

parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness." *See* Fed. R. Evid, 902(11), Advisory Committee's Note.  In other words, Rule 902(11) certificates serve as a functional equivalent to live witness testimony.

Federal courts have routinely recognized the appropriateness of admitting business records via Rule 902(11) certificates instead of live testimony.  *See, e.g., United States v. Foreman*, 588 F.3d 1159, 1162 n. 4 (8th Cir. 2009) ("Rule 803(6) provides that a court may admit into evidence a document that qualifies as a business record without testimony from the custodian of records if the court receives a written certification from the custodian that complies with Rule 902(11)"); *see also United States v. Kahre*, 610 F. Supp. 2d 1261 (D. Nev. 2009).  Use of Rule 902(11) certificates to admit evidence does not violate a defendant's Sixth Amendment right to confrontation.  *See United States v. Lezcano*, 2008 WL 4605918 at *6-7 (11th Cir. Oct. 17, 2008) (unpublished); *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Adefehinti*, 510 F.3d 319, 327-28 (D.C. Cir. 2008).

In its case-in-chief, the United States intends to introduce business records related to the defendant's bank and financial accounts.[4]  Each of the certificates attached to this motion as Exhibit A meet the requirements set forth in Rule 902(11), including statements certifying that the records (*i*) were made at or near the time of business activity by a person with knowledge of the activity or transmitted by a person with such knowledge; (*ii*) were kept in the course of a regularly conducted

---

includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

[4] The United States provided these business records during discovery.

business; and (*iii*) were made in the course of a regularly conducted business. Fed. R. Evid. 803(6); *see also* Fed. R. Evid. 902(11)(A)-(C).  Each of the certificates was made by a qualified custodian of the records.  Accordingly, the United States requests that Government Trial Exhibits 64, 65, 66, 67, 68, and 69 be admitted, subject to a determination of relevance, without the live testimony of a custodian of the records.

**II.    Certain Self-Authenticating Certified Public Records: Trial Exhibits 2, 3, 4, 59, 60, and 61**

The United States seeks to pre-admit Government Trial Exhibits 2, 3, 4, 59, 60, and 61.  Each of these trial exhibits has been provided to the defendant both in discovery and as a pre-marked trial exhibit and, in support of this motion, the United States is providing a physical copy of these exhibits in advance of trial to the Court. The exhibits are as follows:

- Exhibit 2: Certified Copy of Filing in Dale County Probate Court

- Exhibit 3: Certified Copy of James Timothy Turner's Applications for a U.S. Passport

- Exhibit 4: Certified Copy of Filing in Montgomery County Probate Court

- Exhibit 59: Certified Copy of Audio CD of November 5, 2008 Court Hearing in U.S. Bankruptcy Court

- Exhibit 60: Certified Copy of Filing in U.S. Bankruptcy Court

- Exhibit 61: Certified Copy of Order in U.S. Bankruptcy Court

Under the Federal Rules of Evidence, certain evidence is self-authenticating and therefore requires no extrinsic evidence of authenticity to be admitted.  Fed. R. Evid. 902.  Each of the exhibits listed above is a certified public record.  *See* Fed. R. Evid. 902(1), 902(4), and 902(11).

9598739.1

Accordingly, the United States requests that Government Trial Exhibits 2, 3, 4, 59, 60, and 61 be admitted, subject to a determination of relevance, at trial without the live testimony of a custodian of the records.

**III.   Hearing on This Motion**

The United States attempted to obtain defendant's position on this motion prior to filing this motion by contacting defendant's standby counsel and by contacting defendant by mail.  At present, the United States has no information as to whether this motion is opposed.

To the extent this Court decides to set this motion for argument, the United States respectfully requests that this motion be scheduled for a hearing at the March 12, 2013 status conference already set by this Court.


Respectfully Submitted,

 /s/ JUSTIN GELFAND
Justin Gelfand
Gray Borden
Attorneys for the United States

9598739.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I also certify that I mailed a copy of this pleading to the defendant with a copy of the trial exhibits referenced herein.


Respectfully Submitted,

/s/ JUSTIN GELFAND
JUSTIN GELFAND
Trial Attorney
U.S. Department of Justice, Tax Division
Southern Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C. 20004
Tel:    (202) 616-9832
Fax:    (202) 514-0961
justin.k.gelfand@usdoj.gov

9598739.1

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12-CR-169-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY TURNER, | ) | |
| | ) | |
| Defendant. | ) | TRIAL: March 18, 2013 |

## CERTIFICATE PURSUANT TO
## FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

1. I am the custodian of records for Bank of America.

2. I am over 18 years of age and am competent to submit this Certificate Pursuant to Federal Rules of Evidence 803(6) and 902(11) (the "Certificate").

3. As the custodian of records at Bank of America, I am familiar with its policies, practices, and procedures relating to the compilation and maintenance of customer records.

4. I submit this Certificate to establish that the records identified as Trial Exhibit 69 (the "Records") are domestic records of regularly conducted business activity within the meaning of Rule 803(6) and 902(11) of the Federal Rules of Evidence.

5. Based on my review of the Records, they are true and accurate copies of Bank of America records.

6. The Records were made at or near the time of the occurrence of the matters set forth in the records by, or information transmitted from, a person with personal knowledge of those matters.

7. The Records were kept in the course of regularly conducted business activity, and it was a regular practice to make those records.

8. The Records are kept in the course of regularly conducted business activity of Bank of America.

1

I certify that the foregoing is true and accurate to the best of my knowledge and belief.

Dawn D. Hurley
Custodian of Records
Bank of America

9598527.1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12-CR-169-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY TURNER, | ) | |
| | ) | |
| Defendant. | ) | TRIAL: March 18, 2013 |

## CERTIFICATE PURSUANT TO
## FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

1. I am the custodian of records for PeoplesSouth Bank.

2. I am over 18 years of age and am competent to submit this Certificate Pursuant to Federal Rules of Evidence 803(6) and 902(11) (the "Certificate").

3. As the custodian of records at PeoplesSouth Bank, I am familiar with its policies, practices, and procedures relating to the compilation and maintenance of customer records.

4. I submit this Certificate to establish that the records identified as Trial Exhibit 65 (the "Records") are domestic records of regularly conducted business activity within the meaning of Rule 803(6) and 902(11) of the Federal Rules of Evidence.

5. Based on my review of the Records, they are true and accurate copies of PeoplesSouth Bank records.

6. The Records were made at or near the time of the occurrence of the matters set forth in the records by, or information transmitted from, a person with personal knowledge of those matters.

7. The Records were kept in the course of regularly conducted business activity, and it was a regular practice to make those records.

8. The Records are kept in the course of regularly conducted business activity of PeoplesSouth Bank.

1

I certify that the foregoing is true and accurate to the best of my knowledge and belief.

Cynthia K. Worsley
Custodian of Records
PeoplesSouth Bank

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12-CR-169-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY TURNER, | ) | |
| | ) | |
| Defendant. | ) | TRIAL: March 18, 2013 |

## CERTIFICATE PURSUANT TO
## FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

1. I am the custodian of records for Scottrade.

2. I am over 18 years of age and am competent to submit this Certificate Pursuant to Federal Rules of Evidence 803(6) and 902(11) (the "Certificate").

3. As the custodian of records at Scottrade, I am familiar with its policies, practices, and procedures relating to the compilation and maintenance of customer records.

4. I submit this Certificate to establish that the records identified as Trial Exhibit 64 (the "Records") are domestic records of regularly conducted business activity within the meaning of Rule 803(6) and 902(11) of the Federal Rules of Evidence.

5. Based on my review of the Records, they are true and accurate copies of Scottrade records.

6. The Records were made at or near the time of the occurrence of the matters set forth in the records by, or information transmitted from, a person with personal knowledge of those matters.

7. The Records were kept in the course of regularly conducted business activity, and it was a regular practice to make those records.

8. The Records are kept in the course of regularly conducted business activity of Scottrade, Inc.

1

I certify that the foregoing is true and accurate to the best of my knowledge and belief.

Robert Haire, III
Custodian of Records
Scottrade

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12-CR-169-MHT |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES TIMOTHY TURNER, | ) | |
| | ) | |
| Defendant. | ) | TRIAL: March 18, 2013 |

## CERTIFICATE PURSUANT TO
## FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

1. I am the custodian of records for Wells Fargo Bank.

2. I am over 18 years of age and am competent to submit this Certificate Pursuant to Federal Rules of Evidence 803(6) and 902(11) (the "Certificate").

3. As the custodian of records at Wells Fargo Bank, I am familiar with its policies, practices, and procedures relating to the compilation and maintenance of customer records.

4. I submit this Certificate to establish that the records identified as Trial Exhibits 66, 67, and 68 (the "Records") are domestic records of regularly conducted business activity within the meaning of Rule 803(6) and 902(11) of the Federal Rules of Evidence.

5. Based on my review of the Records, they are true and accurate copies of Wells Fargo Bank records.

6. The Records were made at or near the time of the occurrence of the matters set forth in the records by, or information transmitted from, a person with personal knowledge of those matters.

7. The Records were kept in the course of regularly conducted business activity, and it was a regular practice to make those records.

8. The Records are kept in the course of regularly conducted business activity of Wells Fargo Bank.

9598476.1

I certify that the foregoing is true and accurate to the best of my knowledge and belief.

DeeAnn Seavert
Custodian of Records
Wells Fargo Bank

2