IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:12cr169-MHT |
| JAMES TIMOTHY TURNER | ) | (WO) |

OPINION

Defendant James Timothy Turner was charged in a ten-count indictment. One of the charges alleged that Turner engaged in a conspiracy to defraud the United States. The United States sought to introduce a statement made by Billy Ray Hall, who was identified in the indictment as a co-conspirator of Turner.

At the conclusion of both the government's and Turner's evidence, as required by law, United States v. Hewes, 729 F.2d 1302, 1312 (11th Cir. 1984), the court found, with the promise that a written opinion would follow, that the government had shown by a preponderance of the evidence all of the requisites for the admission of Hall's statement. This opinion explains that finding in more detail.

As stated, the government sought to introduce a statement made by Hall, Turner's alleged co-conspirator. The statement was introduced by the government's witness Mark Murray, who testified that Hall physically handed him a box of attendance records from seminars that were conducted by Turner and told Murray to "bury" the records.

The existence of a conspiracy and Turner's participation in it are questions of fact that must be resolved by the court pursuant to Fed. R. Evid. 104(a) in order for a co-conspirator statement to be admitted into evidence. <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987). The court applies a preponderance of the evidence standard in determining whether such questions of fact have been established under Rule 104(a). The court has discretion to require the government to establish the elements of admissibility prior to receiving co-conspirator statements, or, alternatively, to admit the out-of-court statements on the condition

2

that the government subsequently produce independent evidence of the conspiracy.  See United States v. Miller, 664 F.2d 826, 827-28 (11th Cir. 1981).

Three elements must be met for a co-conspirator's statement to be admissible against a defendant.  The court must find that (1) a conspiracy existed; (2) the co-conspirator and the defendant against whom the statement was offered were members of that conspiracy; and (3) the statement was made during the course of and in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E).

The government has demonstrated by a preponderance of the evidence that Turner and Hall engaged in a conspiracy to put on a series of seminars in and around 2008 and 2009 where the attendees were taught to file fictitious "bonds" as a means of paying their federal income taxes and other debt and that this was done in order to defraud the United States.

3

Witnesses Thomas and Kathy Frye testified that Turner and Hall hosted these seminars together: Turner taught them and Hall collected the money. This account matches the testimony of IRS-CI Special Agent David Lowe, who attended one such seminar undercover. The government also introduced an audio recording of a conversation between Turner and Lowe in which Turner explained that Hall ran the business side of the seminars that Turner taught.

A statement by Hall that Murray should "bury" attendance records for the seminars was certainly in the course of and in the furtherance of the conspiracy, particularly since it appears to have been said in an attempt to conceal the scheme.

For these reasons, the court found that the hearsay statement of Hall was admissible against Turner.

DONE, this the 25th day of March, 2013.

                     /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE