```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION



UNITED STATES OF AMERICA    )
                            )
    v.                      )    CRIMINAL ACTION NO.
                            )      1:12cr169-MHT
JAMES TIMOTHY TURNER        )         (WO)
```

CORRECTED SENTENCING OPINION

Defendant James Timothy Turner was convicted for conspiracy to defraud the United States (18 U.S.C. § 371), fictitious obligations (18 U.S.C. § 514(a)(2)), five counts of aiding and abetting fictitious obligations (18 U.S.C. § 514(a)(2)), attempting to interfere with the administration of internal revenue laws (26 U.S.C. § 7212(a)), failure to file a tax return (26 U.S.C. § 7203), and false testimony under oath in a bankruptcy proceeding (18 U.S.C. § 152(2)).  The United States Sentencing Guidelines calculation in this case produced a sentencing range of life.  However, because the crimes of which Turner was convicted each carry statutory

maximums, pursuant to § 5G1.2(d) of the United States Sentencing Guidelines the court calculated the guidelines range by running the statutory maximums on each count consecutively, and doing so resulted in a sentence of 1,968 months, or 164 years.[1] Probation requested that the full term of 1,968 months be imposed, and the government asked the court to impose a sentence of 20 years or more. Instead, the court granted Turner's motion for a variance and, applying the factors set forth in 18 U.S.C. § 3553(a), sentenced Turner to 216 months, or 18 years.[2] This court orally gave its reasons for the variance at

---

1. Section 5G1.2(d) provides that, where "the sentenced imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Because the total punishment here was life, the court could run all of the sentences consecutively.

2. Turner, who proceeded pro se, objected to the pre-sentence report insofar as it recommended a life sentence. The court interpreted this objection as a motion for a variance.

the sentencing hearing; however, for the sake of clarity, this opinion outlines those reasons.

Principally, the court granted a variance because the guidelines range in this case was clearly unwarranted. The drastic sentence of 164 years may be appropriate for certain violent crimes (such as murder), but this is a case where such an exorbitant punishment would be "greater than necessary" to achieve the goals of sentencing.  § 3553(a).

The extremely high guidelines range was fueled, in large part, by the amounts alleged to be carried by the "bonds" that Turner sent to the U.S. Treasury, the bond he submitted in a bankruptcy proceeding, and the bonds that he helped his devotees to draft and send.  The bonds claimed to be worth, in total, well over two trillion dollars.  Accordingly, Turner's offense level was increased by 30 levels based on the amount of intended loss in the case, pursuant to USSG § 2B1.1(b)(1)(P).

However, the court concludes that these extreme figures merely reflected a fantasy entertained by Turner; they were not grounded in reality.  Thus, the court finds that it would be both unnecessary and unjust to incarcerate Turner for well over a century based on numbers that, in truth, boil down to mere puffery.

As a starting point for determining an appropriate variance, the court based a new guidelines calculation on the amount of debt that Turner and his followers actually tried to offset using the bonds.  See United States v. Dilley, No. 1:08-CR-37, 2009 WL 1564389 (N.D. Ind. June 3, 2009) (Lee, J.) (calculating loss based on the amount of debt the defendant sought to discharge rather than on the alleged worth of fictitious bonds in a case involving a similar defendant who crafted fictitious documents claiming to be worth enormous sums based on conspiracy theories).  These figures, though not minuscule, were substantially more modest, resulting in a loss calculation of 5.2 million.  This sum, in conjunction

with the court's other various conclusions about the guidelines calculation, would give Turner an offense level of 36, which results in a guidelines range of 188-235 months.

The court concluded that a sentence at the bottom end of this range would fail to take into account the seriousness of Turner's conduct.  In particular, Turner's filing of retaliatory liens against government officials and repeated instructions to others to file such liens was vindictive.  Turner also lured a substantial number of people into his scheme, causing them both to lose the money he charged for his seminars and, in many cases, to accrue criminal charges themselves.

However, a sentence at the top of this range is not necessary.  Turner is currently 57 years old; the further his sentence extends beyond 10 years, the greater the likelihood that Turner will, in fact, spend the rest of his life in prison.  Moreover, while Turner's actions

5

caused serious harms, they seem to have been driven by ideology more than by selfishness.

In conclusion, for the reasons stated, the court finds that, considering the requirements of § 3553(a), a variance from the guidelines resulting in a sentence of 216 months (18 year is the appropriate sentence in this case.  The court further finds that, if it had actually determined his offense level to be 36 rather than 43 (because, as stated, the extreme figures merely reflected a fantasy entertained by Turner), there would have been no need to vary downward and the court would still have given the sentence it did, that is, 216 months (18 years).  Further still, even if the court had not increased Turner's base-offense level pursuant to § 2B1.1(b)(9)(B) (misrepresentation in a bankruptcy proceeding), § 2B1.1(b)(10)(C) (sophisticated means), § 3A1.2(a) (targeting government officials), and § 3B1.1(a) (leader of criminal activity involving five or more people) to reach 36 or 43, it would nevertheless

have concluded that 216 months was the appropriate sentence.

DONE, this the 6th day of August, 2013.

                           <u>    /s/ Myron H. Thompson    </u>
                           **UNITED STATES DISTRICT JUDGE**